IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



**UNITED STATES OF AMERICA**

**VS.**     **CRIMINAL NO. 3:06CR24HTW-JCS**

**JOE LEWIS COLLINS**     **DEFENDANT**

## ORDER

Memorandum to All Counsel Appointed Under the Criminal Justice Act (CJA) in the Case of United States of America v. Joe Lewis Collins, Number **3:06CR24HTW-JCS**

RE: Interim Payments for Representation of Counsel

Because of the expected length of the trial in this case and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 B of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply during the course of your representation in this case:

1. Submission of Vouchers

Each individual attorney may submit to the court clerk, twice each month, an interim CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred from the first to the fifteenth days of each month may be claimed on an interim voucher. Compensation earned and reimbursable expenses incurred from the sixteenth to the last day of each month may be claimed on a separate interim voucher. The first interim voucher may be submitted at any time. Each voucher shall be numbered when processed for payment. Counsel should complete Item 18 on the form for each interim voucher. If an attorney chooses, he or she may combine several of these periods into a single voucher. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter VI, as well as the applicable provisions of Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act, outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours. I will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment for representation provided during the final interim period. The final voucher shall also set forth in detail the time and expenses claimed for the entire case, including all documentation.

Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher.

2. Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. The following guidelines may be helpful to counsel:

a. Case related travel by privately owned automobile should be claimed at the rate of 44.5 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited. Counsel and persons providing service under the CJA are encouraged to contact the clerk for air travel authorization at government rates.

b. Actual expenses incurred for meals and lodging while traveling outside of the Hinds/Madison County, Mississippi area in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, F.R.Cr.P. and 28 U.S.C. §1825.

3. Further questions or guidance

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. §3006A; (2) the Plan of the United States District Court for Southern District of Mississippi, available through the clerk, and (3) Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the U.S. Courts, also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to me or my staff.

*Henry T. Wingate*
United States District Judge

Date: May 25, 2006